IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SMART JUICES, LLC** | : |
| | : No. |
| **Plaintiff,** | : |
| v. | : |
| | : Jury Trial Demanded |
| **GROW SMART KIDS, LLC.** | : |
| | : |
| **Defendant.** | : |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Smart Juices, LLC, by and through its counsel, for its Complaint for Declaratory Judgment, alleges the following:

**Parties, Jurisdiction and Venue**

1. Plaintiff Smart Juices, LLC (hereinafter "Smart Juices") is a limited liability company organized under the laws of the Commonwealth of Pennsylvania, having its principal place of business at 52 E. Union Blvd. Bethlehem, PA 18018.

2. Upon information and belief, Defendant Grow Smart Kids, LLC (hereinafter "GSK") is a limited liability company organized and existing under the laws of the State of Georgia, having its principal office and place of business at 1 Hickory Head Pl., Savannah, GA 31411.

3. This is an action for declaratory judgment of non-infringement and non-dilution of trademark rights under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. An actual justiciable controversy exists between Plaintiff and Defendant that

warrants the issuance of a judgment declaring that the Plaintiff Smart Juices, by its use of the mark SMART KIDS, and composite variations thereof including other terms and design elements, has not infringed, diluted, or otherwise violated the trademark rights of, or otherwise unfairly competed with, Defendant, either under the U.S. Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1051 *et seq.* or applicable state law.

4.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338 and 2201.

5.  Upon information and belief, this Court has personal jurisdiction over Defendant in that Defendant advertises and promotes its business in the Commonwealth, and Defendant's acts will result in harm to Plaintiff's interests in the district.

6.  Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the relevant events giving rise to the claim occurred in this District, which give rise to the Complaint, to Smart Juices within the District.

**Factual Allegations**

7.  Plaintiff, Smart Juices, has developed and produced, is advertising and marketing fruit juices, cereal bars and fruit squeezes in connection with SMART KIDS. Exhibit 1 is a .pdf copy of the web page www.smart-kids.us.

8. Defendant claims ownership of United States Trademark Registration No. 4,580,372 for "Prepared food kits composed of meat, poultry, fish, seafood, and/or vegetables and also including sauces or seasonings, ready for cooking and assembly as a

meal" sold under the mark GROW SMART KIDS (hereinafter, the "'372 Registration"). Exhibit 2

9. After the '372 Registration issued, Plaintiff, Smart Juices filed with the United States Patent and Trademark Office (USPTO) two intent-to-use trademark applications for SMART KIDS relating to different classes of goods. The intent-to-use applications are Application No. 86/604,234 (hereinafter "the '234 Application") and Application No. 86/604,297 (hereinafter the '297 Application").

10. Plaintiff, Smart Juices filed the '234 Application for SMART KIDS in connection with canned fruits; fruits in preserved form; fruit jelly in a squeeze container; fruit preserves in a squeeze container; preserves. Exhibit 3

11. Plaintiff, Smart Juices filed the '297 Application for SMART KIDS in connection with vitamin and mineral supplements; vitamins; cereal bars; cereal based snack food; cookies; granola; granola snacks; granola-based snack bars; ready to eat, cereal derived food bars; ready-to-eat cereals; bottled drinking water; bottled water; coconut water; drinking water; flavored bottled water; flavored waters; spring water; and water beverage. Exhibit 4

12. The '234 Application and the '297 Application were assigned to and examined by an Examining Attorney at the USPTO.

13. When examining the '234 Application and the '297 Application owned by Plaintiff Smart Juices, the Examining Attorney searched for conflicting marks and was aware of Defendant's existing '372 Registration for GROW SMART KIDS.

14. The Examining Attorney did not find that the '234 Application and the '297 Application of Smart Juices for SMART KIDS were likely to be confused with Defendant's '372 Registration for GROW SMART KIDS and differing goods.

15. The '234 Application and the '297 Application of Smart Juices were allowed to proceed for publication by the Examining Attorney in view of Defendant's '372 Registration.

16. On June 28, 2016, Defendant Grow Smart Kids filed with the USPTO a Notice of Opposition that opposed the '234 Application and the '237 Application, both owned by Plaintiff Smart Juices. *Notice of Opposition* (Exhibit 5)

17. Defendant implicates Lanham Act §1114 by alleging in its Notice of Opposition Plaintiff's use of the mark is "without Opposer's consent or authorization . . . likely to cause confusion . . . or mistake . . . or to deceive consumers . . . ." *Notice of Opposition, pars. 8-9* (Exhibit 5)

18. Defendant implicates Lanham Act §1125(a) by alleging in its Notice of Opposition that Plaintiff's "use or potential use of the SMART KIDS is likely to falsely designate the origin . . . likely to disparage and falsely suggest a connection with Opposer's goods, thereby causing loss, damage and injury . . . and interfering with Opposer's use of its marks and its ability to avail itself of present and future commercial benefit resulting from its sustained personal and financial investment . . . ." *Notice of Opposition, pars. 12-13* (Exhibit 5)

19. Defendant alleges that the parties are direct competitors. *Notice of Opposition, pars. 12-13* (Exhibit 5)

20. The facts alleged herein give rise to a substantial controversy between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. A declaratory judgment is necessary and appropriate at this time so that Plaintiff may ascertain its rights with respect to its SMART KIDS brand.

## COUNT I

### Declaration of Non-Infringement

21. Plaintiff hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-20, inclusive of this Complaint.

22. Smart Juice's use of its SMART KIDS Marks is not an infringement of Defendant's trademark registration No. 4,580,372 for GROW SMART KIDS, Defendant's trademark Application No. 87/003,638 for GROW SMART KIDS, or any alleged unregistered marks.

23. Smart Juice's use of its SMART KIDS Marks is not a dilution of Defendant's trademark registration No. 4,580,372 for GROW SMART KIDS, Defendant's trademark Application No. 87/003,638 for GROW SMART KIDS, or any alleged unregistered marks. In addition, Defendant's marks are not famous.

24. Smart Juices' use of its SMART KIDS Marks results in no reasonable likelihood of confusion as to sponsorship, licensing or source between Defendant's registered or unregistered trademarks.

25. Smart Juices' use of its SMART KIDS Marks does not infringe or otherwise violate Defendant's alleged trademarks or other intellectual property rights.

## COUNT II

### Cancellation of Registration No. 4,580,372 for Fraud and/or Abandonment

26. Plaintiff hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-25, inclusive of this Complaint.

27. Plaintiff Smart Juices believes it has been and will continue to be damaged by Defendant's '372 Registration and hereby claims for cancellation of said Registration pursuant to 15 USC §§ 1064, 1119.

28. Upon information and belief, Defendant, has ceased use of the mark GROW SMART KIDS and thus abandoned whatever rights it may have had in GROW SMART KIDS.

29. Upon information and belief, Defendant was not using the mark GROW SMART KIDS in commerce at the time it filed a sworn statement of use required to obtain the '372 Registration.

30. Accordingly, Plaintiff is entitled to the entry of judgment canceling the '372 Registration.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Smart Juices prays that this Court enter judgment against Defendant as follows:

A.  An order be entered declaring that Smart Juice's use of its SMART KIDS Marks is not likely to cause confusion with respect to, or likely to dilute, Defendant's trademark registration No. 4,580,372 for GROW SMART KIDS, Defendant's trademark application No. 87/003,638 for GROW SMART KIDS, or any other alleged trademark rights, or other rights of Defendant.

B.  For an order directing the United States Patent and Trademark Office to cancel Defendant's Trademark Registration No. 4,580,372 for GROW SMART KIDS.

C.  For Plaintiff's costs—and for attorneys' fees under Section 38 of the Lanham Act (15 U.S.C. § 1120).

D.  Granting such other and further relief as this Court may deem just and proper.

Dated:  September 15, 2016

        Respectfully Submitted,

        RIDDLE PATENT LAW, LLC

        By:     s/Charles L. Riddle/
        Charles L. Riddle, Esq. (PA 89,255)
        434 Lackawanna Ave.
        Suite 200
        Scranton, PA 18503
        (570) 344-4439 p.
        (570) 300-1606 f.
        charles@charleslriddle.com

        *Counsel for Plaintiff Smart Juices, LLC*